**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Jaclyn Vasquez, and Charnette Nutall, on
behalf of themselves and all other plaintiffs
similarly situated, known and unknown,          Case No.      21 CV 04637
                                    Plaintiffs,

                 v.                             Judge Andrea R. Wood

Touhy Fruity, Inc., Kevin Tan-Hung, and
Kelli Duong, Individually,

                        Defendants.

**UNOPPOSED MOTION TO APPROVE RELEASE AND SETTLEMENT AGREEMENT**

NOW COME, the Defendants, Touhy Fruity, Inc., Kelly Duong and Kevin Tan-Hung, though

their undersigned counsel, and move the Court for an order approving the attached Release and

Settlement Agreement. In support of this unopposed motion, Defendants parties state as follows:

1.      Plaintiffs, Jacklyn Vasquez and Charnette Nutall ("Named Plaintiffs"), filed this Complaint

against the Defendants in which they purported to seek a collective action for alleged violations

of the Fair Labor Standards Act and the Illinois Minimum Wage Law. Named Plaintiff Vasquez

also alleged an individual claim against Defendants in which she alleged unlawful retaliation.

2.      Notice has been directed to all persons who were similarly situated to Plaintiffs Jacklyn

Vasquez and Charnette Nutall. Five other persons opted into this action, namely Opt-in

Plaintiffs, Angelina Pace, Jenifer Ramirez, Joel Garcia, Darien Chambliss, and Jessica Brito

("Opt-in Plaintiffs").

3.      Through exchange of employment records, the parties have reached an agreement to settle

this case.

1

4.     The settlement reached by the Parties represents a fair, just and reasonable resolution of the claims alleged by the Named Plaintiffs and the Opt-in Plaintiffs under the FLSA and Illinois law. A separate Agreement was provided to and executed by each Named Plaintiff and Opt-in Plaintiff, copies of which are attached and marked Exhibits A through F.

5.     This is an action seeking the recovery of compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* Settlements of FLSA claims must be approved by a Court of competent jurisdiction. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (*citing Lynn's Food Stores, Inc. v. Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2001 WL 1403007, at *6 (N.D. Ill. 2001).

6.     Except for paragraph 1, each Agreement essentially contains the same provisions *in haec verba*.

7.     That is, paragraph 1(a) of each Agreement (Exhibits A through F) provides that Defendants will make a single payment in the amount of $20,000 to counsel for the Named Plaintiffs and Opt-in Plaintiffs, such amount to constitute the total fees of $20,000 payable by Defendants to the Named Plaintiffs and Opt-in Plaintiffs, and their counsel, in consideration for settlement of this matter and all other matters as provided under each Agreement.

8.     Paragraph 1(b) of each Agreement (Exhibits A through F) provides the amount payable by Defendants to the particular Named or Opt-in Plaintiff identified in the Agreement for any alleged violations of the FLSA and Illinois wage and hour laws. The sum of the amounts stated in paragraph 1(b) of each Agreement that is payable to the Named or Opt-In Plaintiff and the Named or Opt-in Plaintiff's counsel constitutes the total amount due to the Named or Opt-in Plaintiff for settlement of those violations.

9.      The Agreements of the Named Plaintiff Vasquez and Nutall, attached as Exhibits A and B, include a Paragraph 1(c). The sum of the amounts payable to the Named Plaintiff Nutall and her counsel stated under paragraph 1(c) of her Agreement (Exhibit B) constitutes the total sum due to the Named Plaintiff Nutall for settlement of her claim of an incentive award for her involvement in this matter. The sum of the amounts payable to the Named Plaintiff Vasquez and her counsel stated under paragraph 1(c) of her Agreement (Exhibit A) constitutes the total sum due to the Named Plaintiff Vasquez for settlement of her individual claims against the Defendants and her claim of an incentive award for her involvement in this matter.

10.    The settlement payments set out in the Agreements are to occur over a period of time as stated in paragraph 1(a-c). The Agreements further provide that the Named and Opt-in Plaintiffs will file the necessary motion or stipulation to dismiss this matter following the final settlement payments. See paragraph 7 of the Agreements.

11.    Jessica Brito is an Opt-in Plaintiff in this matter who is not party to the Settlement Agreements in this case. Instead, Brito has filed a Stipulation of Dismissal Without Prejudice, a copy of which is attached and marked as Exhibit G.

12.    The parties agree that the terms of the settlement are reasonable and fair to both parties.

13.    Accordingly, Defendants request that the Court approve the fairness of the settlement.

14.    Named and Opt-in Plaintiffs do not oppose this Motion to Approve.

        WHEREFORE, the Defendants respectfully request that the Court enter an order approving the settlement, and for any and all further relief deemed reasonable and just.

Respectfully submitted,

TOUHY FRUITY, INC., ET AL.

By:/s/ Mark Hansen
Attorney for Defendants

Mark Hansen
Graefe & Hansen, Ltd.
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
312-236-0177